# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:22-cr-59 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| DEMONTE CRAYTON | ) | Magistrate Judge Susan K. Lee |
| | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Sentence Reduction Under Guideline Amendment 821, Part A. (Doc. 84.) The United States ("the Government") responded in opposition to Defendant's motion. (Doc. 86.) For the reasons stated below, Defendant's Motion for Sentence Reduction (Doc. 84) is **GRANTED**.

## I. BACKGROUND

On April 26, 2022, an Indictment charged Defendant with two counts of possession of a firearm by a convicted felon. (Doc. 1.) On March 8, 2023, Defendant pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (Doc. 69.)

Defendant is 23 years old, and is a Rollin 40 Crip gang member. (Doc. 62 at 3, 22.) The Presentence Investigation Report ("PSR") indicated Defendant had prior adult convictions for theft of property, domestic aggravated assault, and unlawful possession of a weapon. (*Id*. ¶¶ 57–59.) The conviction for theft of property occurred in November 2018 and was the result of Defendant stealing at least one car. (*Id*. ¶ 57.) The domestic-aggravated-assault and unlawful-possession-of-a-weapon convictions related to a June 4, 2019 incident in which Defendant

1

deflated his mother's car tires and beat on the door of her house while in possession of a stolen firearm.  (*Id.* ¶¶ 58–59.)

Additionally, Defendant reported he had been using marijuana since age fourteen and Percocet since age eighteen, both of which progressed into daily use.  (*Id.* at ¶ 78.)  Defendant completed substance-abuse treatment in 2015 and 2016.  (*Id.* ¶ 79.)  At the time of sentencing, Defendant acknowledged substance-abuse treatment would be beneficial.  (*Id.*)

The PSR determined Defendant's base offense level was 22 and a two-level enhancement was applied under U.S. Sentencing Guideline ("USSG") §2K2.1(b)(4)(A) because the offense involved a stolen firearm.  (*Id.* ¶¶ 37–38.)  A three-level reduction for acceptance of responsibility was applied for a total offense level of 21.  (*Id.* ¶¶ 45–46.)  Defendant's prior convictions yielded a criminal history score of two, to which the PSR added two "status points" for committing the instant offense while under a criminal justice sentence.  (*Id.* ¶¶ 60–61.)  His resulting criminal history score of ten placed him in criminal history category III.  (*Id.* ¶ 62.)  The Court accepted the PSR but determined the two-level enhancement under USSG §2K2.1(b)(4)(A) did not apply.  (Doc. 70 at 1.)  Based on an offense level of 19 and criminal history category of III, the Court calculated a guideline range of 37 to 46 months of imprisonment.  (*Id.*)  The Court sentenced Defendant to 46 months in prison.  (Doc. 69 at 2).  Defendant's projected release date is July 22, 2025.  *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/.

While incarcerated, Defendant has incurred three disciplinary infractions.  (Doc. 86-2.)  The most recent offense was refusing to obey an order on May 20, 2024.  (*Id.*)  On February 10, 2024, Defendant admitted to possessing a weapon in his cell during a search.  (*Id.*)  On May 31, 2023, Defendant admitted to fighting with other inmates.  (*Id.*)  The Court recommended

Defendant participate in the residential drug abuse treatment program (Doc. 69 at 2), but Defendant was deemed "unqualified." (Doc. 86-3 at 1.) He "failed out of and was expelled from the BRAVE[1] residential program." (Doc. 86 at 3.) The Bureau of Prisons considers Defendant to be at high risk of recidivism. (Doc. 86-3 at 1.) This is based in part on Defendant's criminal history score. (Doc. 84 at 3.)

To Defendant's credit, he recently completed a 12-hour drug treatment program. (*Id.* at 8.) Defendant "has been enrolled in approximately ten classes, including one on coping skills." (*Id.*) "Defendant also reports he is on the waiting list for two programs – one to learn how to operate a forklift, and the other to earn a commercial driver's license." (*Id.*)

Effective November 1, 2023, Amendment 821 reduced status points from two to one if the defendant received 7 or more points under U.S.S.G. § 4A1.1(a)–(d) and eliminated them otherwise. *See* U.S.S.G. § 4A1.1(e). This amendment applies retroactively. U.S.S.G. § 1B1.10(d). The present motion followed.

## II.    LEGAL STANDARD

A district court has "no inherent authority … to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). However, 18 U.S.C. § 3582(c)(2) provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are

---

[1] The Bureau Rehabilitation and Values Enhancement (BRAVE) program is a cognitive behavioral residential treatment program for young males serving their first federal sentence.

3

applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Supreme Court has explained that § 3582(c)(2) requires a "two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court must "determine that a reduction is consistent with [U.S.S.G.] § 1B1.10." *Id.* A reduction is inconsistent with § 1B1.10 if none of the amendments made retroactive in the policy statement apply to the defendant or would "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). In determining what reduction, if any, is appropriate, the Court "determine[s] the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The Court must "leave all other guideline application decisions unaffected." *Id.* With limited exceptions, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). Nor may the "reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

At step two, the Court considers the applicable § 3553(a) factors to determine whether the authorized reduction is appropriate "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "[T]he decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010) (citing *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009)). But "proceedings under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).

4

## III. ANALYSIS

Here, the parties agree that Amendment 821 produces an amended guideline range of 33–41 months.  (Docs. 84 at 1; 86 at 3.)  Defendant requests a sentence of time-served, which he argues would result in a sentence of approximately 35 months.  (Doc. 84 at 1.)  The Government recommends denying the motion based on defendant's post-sentencing conduct.  (Doc. 86 at1.)  The Government also asserts that a sentence of time-served would result in a sentence of approximately 32 months, which is below the sentencing guideline minimum.  (*Id.* at 4.)

Considering all Defendant's conduct before and after sentencing, the § 3553(a) factors weigh toward reduction of Defendant's sentence in part.  *See United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).  Within the last fifteen months, Defendant has incurred three disciplinary infractions, including possession of a weapon in his cell and fighting with other inmates.  (Doc. 86-2 at 1.)  Defendant's infractions, coupled with his gang affiliation and previous offenses involving threats of violence, suggest a need to protect the public from future crimes Defendant might commit.  The Bureau of Prison's classification of Defendant as a high risk of recidivism supports that.  (*See* Doc. 86-3 at 1.)  But Defendant's convictions for crimes involving threats of violence occurred five years ago.  (*See* Doc. 62 ¶¶ 58–59.)  Further, Defendant's recidivism risk is based in part on his criminal history points, which are reduced by half under Amendment 821.

Reducing Defendant's sentence to the full extent possible under Amendment 821 would fail to promote respect for the law and provide adequate deterrence to Defendant and others against future criminal offenses.  Partial sentence reduction is warranted.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Sentence Reduction (Doc. 84) is

**GRANTED.** Defendant's sentence will be reduced to 44 months of imprisonment.

      **SO ORDERED.**

                                              */s/ Travis R. McDonough*
                                              **TRAVIS R. MCDONOUGH**
                                              **UNITED STATES DISTRICT JUDGE**